[Cite as *State v. Sawyer*, 2026-Ohio-2913.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO.   C-250455 |
| | | TRIAL NO.   B-2406102 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *JUDGMENT ENTRY* |
| LANARDO SAWYER, | : | |
| Defendant-Appellant. | : | |

This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 7/29/2026 per order of the court.**

**By:**_____
         **Administrative Judge**

[Cite as *State v. Sawyer*, 2026-Ohio-2913.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                    :        APPEAL NO.    C-250455
                                           TRIAL NO.     B-2406102
     Plaintiff-Appellee,     :

  vs.                             :
                                                  *O P I N I O N*
LANARDO SAWYER,                   :

     Defendant-Appellant.    :


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: July 29, 2026


*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Norbert Wessels,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Arenstein & Gallagher* and *William R. Gallagher*, for Defendant-Appellant.

**CROUSE, Presiding Judge.**

{¶1}     After pulling over defendant-appellant Lanardo Sawyer for driving the wrong way on a one-way street, officers smelled burnt marijuana and saw a roach in an ashtray in his console area. They searched Sawyer's car and found evidence, which led to an arrest, which led to more evidence. In the end, Sawyer was convicted on drug-trafficking and firearms charges. He now contends that the search of his vehicle was unconstitutional in light of Ohio's legalization of marijuana and this court's recent decision in *State v. Gray*, 2025-Ohio-4607 (1st Dist.).

{¶2}     We disagree. While Ohio has legalized marijuana generally, certain conduct, including smoking marijuana in a car and driving while intoxicated, remains illegal. The officers here—unlike the officers in *Gray*—had probable cause to believe that Sawyer had committed these offenses, and that they would find evidence to that effect inside Sawyer's car. So we hold that the Fourth Amendment permitted their search and affirm Sawyer's convictions.

## I. Background

{¶3}     On the evening of December 28, 2024, Police Officer Michael Martin pulled Sawyer over, after observing him driving the wrong way down a one-way road. As Officer Martin approached, he smelled the odor of burnt marijuana coming from Sawyer's vehicle. Officer Martin testified that he was able to distinguish the smell as burnt marijuana based on his exposure to various forms of marijuana throughout his career. Upon detecting the smell, Officer Martin asked Sawyer when he had last smoked marijuana. Sawyer indicated that he had smoked a few hours prior to the stop.

{¶4}     While talking with Sawyer, Officer Martin saw a burnt blunt, or "roach," in an ash tray in the console area of Sawyer's vehicle. Upon further questioning, Sawyer revealed to Officer Martin that he had raw marijuana in the car, which he

showed to the officer. When asked if he had any weapons in the vehicle, Sawyer said he did not. Officer Martin then went back to his cruiser and ran Sawyer's information, which revealed a criminal record that included several weapons-related charges.

{¶5} Officer Martin then returned to Sawyer's vehicle, this time accompanied by his shift partner, and told Sawyer that they would be performing a search of the vehicle based on probable cause. Sawyer exited the vehicle and stood by Officer Martin's cruiser, at which time he informed the officers that there was a firearm under his driver's seat. The officers searched the car and found a gun, which Sawyer's criminal record barred him from possessing, right where Sawyer said it would be. They also found the burnt roach, the ashtray, and several small bags of raw marijuana in the vehicle's console area. Sawyer was arrested and taken to the Hamilton County Justice Center, where a further search of his person revealed cocaine, a scale, and $1,073 in cash.

{¶6} Sawyer was charged with trafficking in and possession of cocaine, having a weapon while under disability, carrying a concealed weapon, and improperly handling a firearm in a motor vehicle. Sawyer filed a motion to suppress all evidence obtained from the search of his vehicle and person. The State responded that the officers were permitted to remove Sawyer from the vehicle to perform a protective sweep. It further argued that even if the protective sweep was improper, the officers had probable cause to search the vehicle based on the evidence that Sawyer had recently smoked marijuana. The trial court denied Sawyer's motion on the grounds that the officers had enough information to perform a protective sweep for weapons.

{¶7} Sawyer then moved to change his pleas to "no contest" on all counts. The trial court accepted his no-contest pleas, found him guilty, and sentenced him to an aggregate prison term of between seven years and nine years and six months.

4

## II. Analysis

{¶8} On appeal, Sawyer's sole assignment of error challenges the trial court's denial of his motion to suppress. Appellate review of a motion to suppress "presents a mixed question of law and fact." *State v. Burnside,* 2003-Ohio-5372, ¶ 8. We accept the trial court's findings of fact, so long as they are supported by competent and credible evidence. *State v. Rogers,* 2022-Ohio-4535, ¶ 26 (1st Dist.). Then we independently determine whether the facts satisfy the applicable legal standard. *Id.*

{¶9} Below, the State argued both that the officers had uncovered the evidence as part of a valid "protective sweep," and that they had probable cause sufficient to permit a warrantless search under the "automobile exception." Although the trial court ruled only on the former ground, the State offers the latter as an alternative basis on which we could affirm the judgment. We agree that the State's alternative basis justifies affirmance, so our analysis begins and ends with the automobile exception.

{¶10} It is well established that warrantless searches are per se unreasonable and so prohibited by the Fourth Amendment, unless they fall within an established exception. *Xenia v. Wallace*, 37 Ohio St.3d 216, 218 (1988), quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 454-455 (1971), and *Katz v. United States*, 389 U.S. 347, 357 (1967). One such exception—the "automobile exception"—permits officers to conduct a warrantless search of a vehicle when they have probable cause to believe it contains evidence of criminal activity. *State v. Jackson*, 2022-Ohio-4365, ¶ 28, citing *Chambers v. Maroney*, 399 U.S. 42, 51 (1970).

{¶11} Sawyer contends that the officers did not have probable cause to search his car. Relying on *State v. Gray*, 2025-Ohio-4607 (1st Dist.), he argues that the odor of burnt marijuana, along with the roach in the ashtray, was not enough to establish

probable cause. Sawyer's reliance on *Gray*, however, is misplaced.

**{¶12}** Officers have probable cause to search when the facts and circumstances known to them would justify a reasonable belief that their search will reveal contraband or evidence of crime. *State v. Jones*, 2014-Ohio-1201, ¶ 16 (1st Dist.), quoting *Ornelas v. United States*, 517 U.S. 690, 696 (1996); *accord Case v. Montana*, 607 U.S. 107, 117 (2026) (noting that "[p]robable cause" concerns the "likelihood of finding criminal contraband or evidence"). Thus, when marijuana was illegal in Ohio, its odor alone could furnish probable cause to search a car. *See Gray* at ¶ 45-46; *State v. Moore*, 2000-Ohio-10, ¶ 12.

**{¶13}** That all changed when the people of Ohio legalized recreational marijuana in "An Act to Control and Regulate Adult Use Cannabis," effective December 2023 and codified in former R.C. Ch. 3780.[1] *See Gray* at ¶ 46. From that point on, mere possession of marijuana was not a crime, *see* former R.C. 3780.36(A), and the odor of marijuana wafting through a car window no longer signified the presence of contraband or criminal conduct. Smoking, combusting, or vaporizing marijuana in a motor vehicle remained unlawful, *see* former R.C. 3780.36(D)(1) and (2), as did possession of more than a certain quantity, *see* former R.C. 3780.36(B). But simply smelling raw marijuana could tell an officer nothing about whether the drug had been illegally consumed in the car or was present in illegal quantities.

---

[1] Since Sawyer's arrest in December 2024 and our *Gray* decision in October 2025, the General Assembly has repealed former R.C. Ch. 3780 in its entirety. *See* 2025 Am.Sub.S.B. No. 56, Section 3 (effective March 20, 2026). For purposes of this opinion, we apply and cite the law as it stood on the date of Sawyer's arrest, December 28, 2024. For the full text of the law enacted by referendum in November 2023, see Ohio Secretary of State, *Initiative Petition: An Act to Control and Regulate Adult Use Cannabis*, https://www.ohiosos.gov/globalassets/ballotboard/2022/petitionfull-textand summary.pdf (archived Nov. 11, 2023) [https://web.archive.org/web/20231111161748/https:/ www.ohiosos.gov/globalassets/ballotboard/2022/petitionfull-textandsummary.pdf]. We further note that, despite the repeal, recreational marijuana possession and use remain legal in Ohio. *See* R.C. 3796.221(A). Altered versions of many former R.C. Ch. 3780 provisions are now part of current R.C. Ch. 3796. *See* 2025 Am.Sub.S.B. No. 56, Section 1.

**{¶14}** Based on this reasoning, we held in *Gray* that the "smell of marijuana, standing alone, is no longer sufficient to establish probable cause to search a motor vehicle." *Gray*, 2025-Ohio-4607, at ¶ 61 (1st Dist.).

**{¶15}** But *Gray* also held that "the odor of marijuana *remains a relevant factor* under the totality of the circumstances in a probable-cause analysis." (Emphasis added.) *Id.* at ¶ 62. We suggested, for example, that if the smell of marijuana emanating from Gray's car had been coupled with "signs of impairment" or "smoke emanating from the vehicle," the officers might have had probable cause to believe Gray had unlawfully "operated the vehicle under the influence or smoked marijuana while operating the vehicle." *Id.* at ¶ 63.

**{¶16}** *Gray*'s twin holdings were hardly revolutionary. Although *Gray* surveyed opinions from Ohio courts and other jurisdictions that had dealt with legalization, *see id.* at ¶ 45-60, its conclusions represented a straightforward application of probable-cause principles. If Ohioans may legally transport marijuana in their cars, then its odor alone cannot justify an officer's belief that crime is afoot. Probable cause might still arise, however, if the totality of the circumstances known to the officer furnishes other grounds to think the marijuana smelled was used or possessed *in an unlawful manner.*

**{¶17}** Under these principles, Sawyer's case is easy. Based on all the facts and circumstances, Officer Martin could reasonably have suspected that Sawyer had committed at least two crimes, and that evidence of those crimes could be found in Sawyer's vehicle.

**{¶18}** First, Officer Martin had probable cause to believe Sawyer had violated former R.C. 3780.36(D)(2) by "smoking, vaporizing, or using any other combustible adult use cannabis product while in a vehicle." Officer Martin noted an aroma not just

of marijuana, but of *burnt* marijuana emanating from Sawyer's vehicle. And he observed a burnt "roach" in an ashtray in the console area. The burnt odor, the roach, and the ashtray strongly suggested that *someone* had recently used marijuana in Sawyer's vehicle. Sawyer, as the only one in the car, was the natural suspect.

**{¶19}** Second, Officer Martin also had probable cause to believe Sawyer had operated his vehicle while intoxicated. Under former R.C. 3780.36(D)(1), it was unlawful to operate a vehicle while under the influence of cannabis. *See also* former (and current) R.C. 4511.19(A)(1)(j)(vii) and (viii). Officer Martin initially stopped Sawyer because he had been driving the wrong way down a one-way street. *Compare Cincinnati v. Bryant*, 2010-Ohio-4474, ¶ 27 (1st Dist.) (noting "backing out of a one-way street" as "suggestive of impairment"). This observation, coupled with the evidence of marijuana consumption, furnished probable cause to believe Sawyer had operated his vehicle under the influence of marijuana. *Compare Gray*, 2025-Ohio-4607, at ¶ 63 (1st Dist.); *State v. Lopez*, 2003-Ohio-2072, ¶ 13 (1st Dist.) (probable cause existed where defendant's breath smelled of alcohol, defendant admitted to drinking, and defendant was caught driving 26 m.p.h. over the speed limit); *State v. Phoenix*, 2010-Ohio-6009, ¶ 9-10 (1st Dist.) (holding that officers lacked probable cause and emphasizing absence of erratic driving or indicia of substantial consumption, like odor or slurred speech).

**{¶20}** The evidence of these criminal offenses sets this case apart from *Gray*. There, the officer testified simply that she had smelled marijuana, not *burning* marijuana. *See Gray* at ¶ 10. And while Gray had admitted to having a "cotty" in the vehicle, the officers in that case did not testify to seeing smoking paraphernalia (like Sawyer's ash tray) in Gray's car. *See id.* at ¶ 10-11. And Gray was pulled over based on an outstanding misdemeanor warrant, *id.* at ¶ 7, not based on any erratic or unlawful

driving suggestive of intoxication. Thus, the officers in *Gray* could say only that Gray possessed some marijuana in a car, not that he had done anything illegal with that marijuana.

{¶21} We therefore hold that in this case, unlike in *Gray*, the officers had probable cause to believe that Sawyer had engaged in unlawful conduct.

{¶22} But probable cause to believe Sawyer acted unlawfully does not automatically furnish probable cause to search his car. Because the marijuana itself was not "contraband," the officers needed probable cause to think they would find evidence of Sawyer's criminal conduct in the parts of the car they intended to search. *See State v. Tincher*, 47 Ohio App.3d 188, 190-191 (12th Dist. 1988) (holding that once officers found the bag of marijuana for which they had probable cause to search the car, they could not then search a shaving kit also found in the car); *State v. Ulmer*, 2020-Ohio-4689, ¶ 16-19 (1st Dist.) (holding, prior to legalization, that the odor of burning marijuana provided probable cause to search vehicle's passenger compartment, but not its trunk).

{¶23} In this case, Officer Martin clearly had grounds to believe that Sawyer's console and front-seat areas contained evidence that he had smoked marijuana in the vehicle and/or driven while intoxicated. Indeed, Officer Martin testified that the ashtray and roach were in plain view. Sawyer provided further probable cause for the search when, after stepping out, he admitted that there was a gun under the driver's seat. The officers knew from their records search that Sawyer was prohibited from having a gun under Ohio law. His admission therefore provided them with further probable cause to search beneath the seat for the gun.

{¶24} That leaves the cocaine, scale, and cash, which presumably formed the basis for Sawyer's drug-trafficking and possession charges. The record suggests that

these were not found during the initial search of Sawyer's vehicle, but in a later search of his person at the Justice Center. Sawyer's motion below sought to suppress "all evidence flowing from the unconstitutional search and seizure of his person and his vehicle." His argument in this court, however, has focused exclusively on the lawfulness of the initial vehicle search and arrest. We therefore construe his briefs as arguing that the items found at the Justice Center should have been suppressed as fruits of that initial, allegedly unlawful vehicle search and arrest.

{¶25} So understood, his argument fails. As we have explained, the initial vehicle search was reasonable. And the officers clearly could have arrested Sawyer based on the firearm offenses alone. The cocaine, scale, and cash were therefore not the fruit of any poisonous tree. And, because Sawyer offers no other argument for why the Justice Center search was unreasonable, we presume its legality.

### III. Conclusion

{¶26} For the foregoing reasons, we hold that Officer Martin's search of Sawyer's vehicle did not violate the Fourth Amendment. Officer Martin had probable cause to search for evidence that Sawyer had illegally smoked marijuana in his car and driven while intoxicated. Sawyer's voluntary admission provided further probable cause to search for his unlawful firearm. Finally, because the officers had probable cause to arrest Sawyer, we have no reason to think the subsequent search that revealed cocaine on his person was unreasonable. We therefore conclude that, regardless of the validity of its protective-sweep rationale, the trial court was plainly correct in denying Sawyer's motion to suppress. We overrule Sawyer's sole assignment of error and affirm his convictions.

Judgment affirmed.

**NESTOR** and **MOORE, JJ.,** concur.